UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SANDRA J.,

                    Plaintiff,

        v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

**DECISION AND ORDER**

1:21-CV-00272 EAW

## <u>INTRODUCTION</u>

Represented by counsel, Plaintiff Sandra J. ("Plaintiff") brings this action pursuant to Title II of the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner," or "Defendant") denying her application for disability insurance benefits ("DIB"). (Dkt. 1). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Dkt. 7; Dkt. 8), and Plaintiff's reply (Dkt. 9). For the reasons discussed below, Plaintiff's motion (Dkt. 7) is granted to the extent that the matter is remanded for further administrative proceedings and the Commissioner's motion (Dkt. 8) is denied.

- 1 -

## BACKGROUND

Plaintiff protectively filed her application for DIB on September 20, 2018.  (Dkt. 6 at 17, 166-72).[1]  In her application, Plaintiff alleged disability beginning on December 31, 2017.  (*Id.* at 17, 166).  Plaintiff's application was initially denied on December 31, 2018.  (*Id.* at 17, 91-96).   A hearing was held before administrative law judge ("ALJ") Stephan Bell on March 4, 2020.  (*Id.* at 17, 35-74).  At the hearing, Plaintiff amended her onset date to October 23, 2018.  (*Id.* at 17).  On March 27, 2020, the ALJ issued an unfavorable decision.  (*Id.* at 17-29).  Plaintiff requested Appeals Council review; her request was denied on December 23, 2020, making the ALJ's determination the Commissioner's final decision.  (*Id.* at 6-11).  This action followed.

## LEGAL STANDARD

### I.    District Court Review

"In reviewing a final decision of the [Social Security Administration ("SSA")], this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); *see also* 42 U.S.C. § 405(g).  The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence.  42 U.S.C. § 405(g).  "Substantial evidence means more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept

---

[1]      When referencing the page number(s) of docket citations in this Decision and Order, the Court will cite to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.

as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence). However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## II.   Disability Determination

An ALJ follows a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ determines whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does have at least one severe impairment, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of

Regulation No. 4 (the "Listings"). *Id*. § 404.1520(d).  If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, *id*. § 404.1509, the claimant is disabled.  If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id*. § 404.1520(e).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits the claimant to perform the requirements of his or her past relevant work. *Id*. § 404.1520(f).  If the claimant can perform such requirements, then he or she is not disabled.  If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id*. § 404.1520(g).  To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of the claimant's age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation omitted); *see also* 20 C.F.R. § 404.1560(c).

## **DISCUSSION**

## I. **The ALJ's Decision**

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. § 404.1520.  Initially, the ALJ determined that Plaintiff met the insured status requirements of the Act through December 31, 2022.  (Dkt. 6 at 19).  At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful work activity since October 23, 2018, the amended alleged onset date.  (*Id*.).

- 4 -

At step two, the ALJ found that Plaintiff suffered from the severe impairments of: left shoulder impingement syndrome, myasthenia gravis, and osteoarthritis of the bilateral knees. (*Id.*). The ALJ further found that Plaintiff's medically determinable impairments of obesity, depression, and anxiety were non-severe. (*Id.* at 19-20).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any Listing. (*Id.* at 21). The ALJ particularly considered the criteria of Listings 1.02 and 11.12 in reaching his conclusion. (*Id.*).

Before proceeding to step four, the ALJ determined that Plaintiff retained the RFC to perform sedentary work as defined in 20 C.F.R. § 404.1567(a), except that Plaintiff:

> can lift and carry ten pounds occasionally and less than ten pounds frequently. She can climb ramps and stairs frequently, but can never climb ladders, ropes, or scaffolds. She can balance occasionally, stoop frequently, kneel frequently, crouch frequently, and crawl frequently. She can never work at unprotected heights or around moving mechanical parts.

(*Id.* at 21-22).

At step four, the ALJ found that Plaintiff was able to perform past relevant work as an office manager. (*Id.* at 28). Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Act. (*Id.*).

## II.     Remand for Further Administrative Proceedings is Required

Plaintiff asks the Court to reverse or, in the alternative, to remand this matter to the Commissioner, arguing that the ALJ: (1) failed to properly evaluate Plaintiff's mental impairments at step two and subsequent steps in the analysis, and (2) improperly assessed the medical opinions of record. For the reasons that follow, the Court agrees that the ALJ

failed to adequately explain his consideration of Plaintiff's mental impairments in formulating her RFC, and that the Court accordingly cannot conclude that the RFC determination is supported by substantial evidence.

At step two, "[a]n impairment is 'severe' if it 'significantly limits [the claimant's] physical or mental ability to do basic work activities.'" *Eralte v. Colvin*, No. 14 Civ. 1745(JCF), 2014 WL 7330441, at *10 (S.D.N.Y. Dec. 23, 2014) (quoting 20 C.F.R. § 404.1520(c)). "The claimant bears the burden of presenting evidence establishing severity." *Taylor v. Astrue*, 32 F. Supp. 3d 253, 265 (N.D.N.Y. 2012) (citations omitted). "[T]he severity prong is intended as a *de minimis* standard to screen out only those claimants with 'slight' limitations that 'do not significantly limit any basic work activity.'" *Vicari v. Astrue*, No. 1:05-cv-4967-ENV-VVP, 2009 WL 331242, at *3 (E.D.N.Y. Feb. 10, 2009) (quoting *Bowen v. Yuckert*, 482 U.S. 137, 158 (1987)); *see also Melendez v. Comm'r of Soc. Sec.*, No. 17-CV-299-FPG, 2020 WL 4274510, at *2 (W.D.N.Y. July 24, 2020) ("In other words, the analysis at step two is a threshold test designed to screen out *de minimis* or totally groundless claims." (quotations and citations omitted)); *Cooper v. Berryhill*, No. 17-CV-6782-JWF, 2019 WL 1233686, at *1 (W.D.N.Y. Mar. 15, 2019) ("Although plaintiff bears the burden of proof at step two, it is not a heavy burden.").

"When the parties disagree over the effect of the ALJ's failure to include a condition at step two, resolution of this issue comes down to a question of whether there was substantial evidence to support the ALJ's conclusion that [the omitted condition] should not be included as a severe impairment." *Eralte*, 2014 WL 7330441, at *10 (quotation and citation omitted); *see also Cwiklinski v. Comm'r of Soc. Sec.*, No. 18-CV-1204-FPG, 2020

WL 1131223, at *3 (W.D.N.Y. Mar. 9, 2020) ("Where a claimant produces some evidence of an impairment, the Commissioner may conclude that the impairment is non-severe only where the medical evidence 'establishes only a slight abnormality or combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work.'" (quoting SSR 85-28, 1985 WL 56856, at *3 (1985))).  However, "any error at step two is rendered harmless when the ALJ finds that a claimant has other severe impairments and proceeds through the later steps of the sequential analysis." *Herman S. v. Comm'r of Soc. Sec.*, No. 1:19-CV-00210 EAW, 2022 WL 71618, at *5 (W.D.N.Y. Jan. 3, 2022); *see also Reices-Colon v. Astrue*, 523 F. App'x 796, 798 (2d Cir. 2013) (finding any step two error harmless where ALJ considered the impairments at subsequent steps); *Vilma Seranno S. v. Kijakazi*, No. 3:22-CV-00214 (KAD), 2023 WL 2743283, at *4 (D. Conn. Mar. 31, 2023) ("And where there is an error at Step Two, it is harmless when the ALJ considers the non-severe impairments at subsequent steps in his or her analysis." (citation omitted)).

As required by the regulations, in finding Plaintiff's depression and anxiety to be non-severe, the ALJ assessed the four broad functional areas of mental functioning, or "Paragraph B" criteria: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself.  20 C.F.R. § 404.1520a(c)(4).  The ALJ is required to assess the degree of any limitations in each of these areas by characterizing them as "none," "mild," "moderate," "marked," and "extreme."  If the ALJ rates the degree of limitation as "none" or "mild," the ALJ "will generally conclude that [the] impairment[] is not severe, unless

the evidence otherwise indicates that there is more than a minimal limitation in [the claimant's] ability to do basic work activities."  20 C.F.R. § 404.1520a(d)(1).

Here, the ALJ concluded that Plaintiff had mild limitations in understanding, remembering, or applying information; mild limitations in interacting with others; mild limitations in concentrating, persisting, or maintaining pace; and mild limitations in adapting or managing oneself.  (Dkt. 6 at 20).  He concluded that because none of Plaintiff's mental impairments caused more than a "mild" limitation in any functional area, the impairments were nonsevere.  (*Id.* at 21).  The ALJ acknowledged that the step two assessment was distinct from the analysis required at later steps.  *Id.* ("The limitations identified in the 'paragraph B' criteria are not a residual functional capacity assessment but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process.  The mental residual functional capacity assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraph B of the adult mental disorders listings in 12.00 of the Listing of Impairments (SSR 96-8p).  Therefore, the following residual functional capacity assessment reflects the degree of limitation I have found in the "paragraph B" mental function analysis.").

In support of his determination on the severity of Plaintiff's mental impairments at step two, the ALJ noted that while Plaintiff began receiving mental health treatment in November 2018, her mental status findings were largely normal, and in October 2018 and April 2019, depression screenings performed by her primary care physician were negative.

(*Id.*).  He also found opinion evidence from state agency reviewing psychiatric consultant

Hillary Tzetzo, M.D. persuasive.  The ALJ described Dr. Tzetzo's opinions as follows:

> On December 27, 2018, state agency reviewing psychiatric consultant Hillary Tzetzo, MD, opined that the claimant has no limitations with understanding, remembering, and applying information and mild limitations in the remaining three "paragraph B" areas of functioning (Exhibit 2A, page 8; Exhibit 16F).  This opinion is persuasive because it is consistent with and supported by the largely normal mental status findings, although I have found mild limitations in the area of understanding, remembering, and applying information (See, e.g., Exhibit 5F, page 4; Exhibit 14F, page 3; Exhibit 19F, page 31; Exhibit 26F, page 7).

(*Id.* at 26).  The ALJ also addressed records from Plaintiff's psychologist, Sharon Deacon,

Ph.D., and the opinions of consultative examiner, Susan Santarpia, Ph.D.  (*Id.* at 20).  The

ALJ noted that while Dr. Deacon's records reflected that Plaintiff showed little personal

responsibility or accountability, Dr. Santarpia concluded that Plaintiff had fair insight and

judgment.  (*Id.*).

Plaintiff argues that the ALJ erred in concluding that her mental impairments were

nonsevere.  However, the Court need not resolve this question in light of the ALJ's clear

failure to explain how he accounted for Plaintiff's mental limitations in her RFC.  Contrary

to the Commissioner's contention that "because the ALJ found no severe mental

impairments at step two, he was not obligated to continue the sequential evaluation to

formulate the RFC in relation to her mental impairments," (Dkt. 8-1 at 15), "[w]hen

formulating a claimant's RFC, the ALJ must 'consider' not only her severe impairments,

but her non-severe impairments as well," *Novas v. Kijakazi*, No. 22CV1020

(MKV)(BCM), 2023 WL 2614362, at *11 (S.D.N.Y. Mar. 8, 2023), *report and

recommendation adopted*, No. 22-CV-1020 (MKV), 2023 WL 2613550 (S.D.N.Y. Mar.

23, 2023).  *See also Felix S. v. Comm'r of Soc. Sec.*, No. 6:20-CV-06703 EAW, 2022 WL 4486319, at *4 (W.D.N.Y. Sept. 22, 2022) ("Simply because the ALJ concluded that Plaintiff's mental limitations were non-severe impairments does not relieve him of the duty to consider them in connection with assessing the RFC."); *Amparo v. Comm'r of Soc. Sec.*, No. 20-CV-10285 (JMF) (SDA), 2022 WL 3084482, at *10 (S.D.N.Y. July 19, 2022) ("Even where substantial evidence supports the ALJ's finding that a claimant's mental impairment was nonsevere, it would still be necessary to remand . . . for further consideration where the ALJ failed to account for the claimant's mental limitations when determining her RFC." (quotation and citation omitted)), *report and recommendation adopted*, 2022 WL 3084380 (S.D.N.Y. Aug. 3, 2022); *Garcia v. Comm'r of Soc. Sec.*, No. 21-CV-01230 (SDA), 2022 WL 4234555, at *14 (S.D.N.Y. Sept. 14, 2022) ("[T]he ALJ's assessment at step two did not relieve him of the requirement to discuss Plaintiff's mental health impairments in formulating the RFC."); *Grace M. v. Comm'r of Soc. Sec.*, No. 20-CV-1023SR, 2022 WL 912946, at *3 (W.D.N.Y. Mar. 29, 2022) ("However, even where an ALJ properly determines that plaintiff's mental limitations are non-severe at step two, the ALJ may not simply rely upon such a finding as a substitute for a proper RFC analysis, but must consider the effect of any restrictions resulting from a non-severe impairment when determining plaintiff's RFC at step four.").

Here, notwithstanding his finding that Plaintiff had mild limitations in all four functional areas, the ALJ did not include any limitations related to Plaintiff's mental impairments in the RFC or explain any reason for that omission.  This was error.  *See Theresa W. v. Comm'r of Soc. Sec.*, No. 19-CV-6541-FPG, 2021 WL 1206519, at *2

(W.D.N.Y. Mar. 31, 2021) ("If an ALJ finds that nonsevere impairments result in 'mild' restrictions, the ALJ must analyze those restrictions in determining the claimant's RFC.  If the ALJ 'fails to address nonsevere mental impairments in formulating a claimant's RFC, it is "necessary to remand [the] case for further consideration."'" (citation and quotation omitted)); *Grace M.*, 2022 WL 912946, at *3 ("An ALJ's failure to evaluate the extent to which mild limitations may or may not impact a plaintiff's ability to engage in substantial gainful employment constitutes legal error requiring remand.").

As explained in *Coulter v. Comm'r of Soc. Sec.*, No. 22-CV-1149 (RWL), 2023 WL 3346505, at *7 (S.D.N.Y. May 10, 2023):

> In formulating Coulter's RFC, however, the ALJ failed to mention any mental limitations, mild or otherwise, and did not explain why she concluded that Coulter's mild mental health limitations did not result in any such limitations within the RFC. (See R. 463-67.)  That was error.  An ALJ may properly determine that mild limitations found during the Paragraph B analysis do not translate into functional limitations within the RFC.  But an ALJ must provide a basis for understanding how they made that determination.  Put another way, "[t]he ALJ may find that Plaintiff's mental impairments are inconsequential and, thus, reject the need to incorporate mental limitations into the RFC – but he must explain his reasoning for doing so."  *Laura Ann H. v. Saul*, No. 6:20-CV-397, 2021 WL 4440345, at *11 (N.D.N.Y. Sept. 28, 2021).

Likewise, here, the ALJ did not provide any explanation as to why Plaintiff's mild mental health limitations did not necessitate any limitations in her RFC.  While he may have had a sound basis for their omission, the lack of any explanation leaves the Court unable to properly assess the determination.  *MacDonald v. Comm'r of Soc. Sec.*, No. 17-CV-921, 2019 WL 3067275, at *4 (W.D.N.Y. July 11, 2019) ("If MacDonald's RFC had included some limitations reflecting the mild mental impairments that the RFC found at step two, this Court might conclude that any error was harmless.  But because her RFC includes no

mental restrictions or limitations whatsoever, this Court cannot be certain that the ALJ actually considered her mental issues when addressing her RFC.  Therefore, even if substantial evidence supports the ALJ's determination that MacDonald's mental impairment was not severe at step two, remand is still necessary 'for further consideration because the ALJ failed to account [for MacDonald's] mental limitations when determining her RFC.'" (quoting *Parker-Grose v. Astrue*, 462 F. App'x 16, 18 (2d Cir. 2012)) (internal citations omitted)); *Valerie L. v. Comm'r of Soc. Sec.*, No. 20-CV-637-LJV, 2022 WL 409575, at *3 (W.D.N.Y. Feb. 10, 2022) ("In sum, at step two the ALJ acknowledged that Valerie had non-severe mental limitations, but she did not incorporate those limitations into the RFC, nor did she explain why it was not necessary to incorporate them.  Because the ALJ must consider all limitations—severe and non-severe—in the RFC analysis at step four, that was error requiring remand.").

The ALJ's analysis of the Paragraph B criteria at step two is no substitute for his express consideration of limitations arising from Plaintiff's mental impairments in connection with the RFC determination.  *See David Q. v. Comm'r of Soc. Sec.*, No. 20-CV-1207MWP, 2022 WL 806628, at *5 (W.D.N.Y. Mar. 17, 2022) (rejecting the suggestion that the ALJ's boilerplate at step two could "cure his flawed RFC assessment"); *Valerie L.*, 2022 WL 409575, at *2 ("In her step two analysis, the ALJ noted that 'the following [RFC] assessment reflects the degree of limitation the undersigned has found in the "paragraph B" mental function analysis.'  But that conclusory assertion is insufficient to satisfy the Commissioner's own requirement that the 'RFC assessment . . . include a narrative discussion describing how the evidence supports each conclusion, citing specific medical

facts [e.g., laboratory findings] and nonmedical evidence [e.g., daily activities, observations].'" (quotation and citations omitted)); *Davis v. Saul*, No. 17-CV-167, 2019 WL 6682159, at *4 (W.D.N.Y. 2019) ("But other than baldly asserting that Davis's RFC 'reflects the degree of limitation I have found in the "paragraph B" mental function analysis,' the ALJ never made that 'more detailed assessment,' — at least not in a way that permits review by this Court.") (citation omitted)).

Moreover, in this case, the error cannot be deemed harmless, particularly in light of the ALJ's conclusion deeming Plaintiff capable of performing her past relevant work in a skilled position. "Adequate consideration of a plaintiff's non-severe mental impairments becomes particularly important where the disability determination turns upon her ability to perform skilled or highly skilled work." *Novas,* 2023 WL 2614362, at *12; *see also Garcia*, 2022 WL 4234555, at *14 ("Significantly, consideration of Plaintiff's metal impairments on her RFC could have impacted the ALJ's determination that she was able to perform her past work, which was semi-skilled.").

For all of these reasons, remand is accordingly warranted.

**B.    <u>Remaining Argument</u>**

As set forth above, Plaintiff has identified an additional reason why she contends the ALJ's decision was not supported by substantial evidence. Because the Court has already determined, for the reasons previously discussed, that remand of this matter for further administrative proceedings is necessary, the Court declines to reach this issue. *See, e.g., Bell v. Colvin*, No. 5:15-CV-01160 (LEK), 2016 WL 7017395, at *10 (N.D.N.Y. Dec. 1, 2016) (declining to reach arguments "devoted to the question whether substantial

evidence supports various determinations made by [the] ALJ" where the court had already determined remand was warranted).

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Dkt. 7) is granted to the extent that the matter is remanded for further administrative proceedings. Defendant's motion for judgment on the pleadings (Dkt. 8) is denied.  The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: May 31, 2023
      Rochester, New York